**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Vita-Mix Corporation,** *et al.*, | ) | **CASE NO. 1:15 Cv 1118** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Blendtec, Inc.,** | ) | **Order** |
| | ) | |
| **Defendant.** | ) | |

**INTRODUCTION**

This matter is before the Court upon Vita-Mix Corporation, Vita-Mix Management Corporation, and Vita-Mix Manufacturing Corporation's Motion to Compel (Doc. 51).  This is a patent infringement case.  For the reasons that follow, the motion is GRANTED in PART and DENIED in PART.  Defendant must provide amended answers to Request Nos. 14, 28, 29, and 42-44.  The motion is DENIED in all other respects.

**ANALYSIS**

Plaintiffs move to compel two categories of discovery.  Each will be addressed in turn.

1. Document requests

1

During discovery, plaintiffs sought production of financial information related to the sales of all accused products.  In response, defendant lodged objections.  According to defendant, the request was not limited in time.  In addition, defendant noted that the Court bifurcated discovery and ruled that it would allow only written discovery on the issue of damages.  Deposition and expert discovery will proceed at a later date.  Defendant further objected on the grounds that production of the information would be burdensome due to defendant's use of a new accounting system.  Defendant agreed, however, to produce responsive documents that are located in its current system.

In all, it appears that defendant produced ten years' worth of financial information related to sales of the accused products.  Plaintiffs now move the Court to Order defendant to produce sales information for the time period May 2010 through June 2014.  According to plaintiffs, this information is relevant to plaintiffs' defense to defendant's invalidity challenge.  Plaintiffs point out that defendant alleges that the patent is invalid due to obviousness.  One of the issues relevant to obviousness is secondary considerations of nonobviousness.  In turn, one of the secondary considerations of nonobviousness is the commercial success of products that embody the patented invention.  Thus, the success of defendant's accused products is relevant to plaintiffs' defense.

In response, defendant notes that it has stipulated to the commercial success of the accused product at issue.  Moreover, defendant produced many years' worth of financial data establishing the commercial success of the blender jar.  Any financial data from more recent years would be superfluous to the information already possessed by plaintiffs.  Defendant offers the affidavit of Elsha Heppler, a Senior General Ledger Accountant employed by defendant.

Heppler avers that to obtain the requested information would require over two weeks of full time employment.

Upon review, the Court finds that defendant need not produce the additional financial information at this time. Under Rule 26(b)(1), plaintiffs are entitled to obtain discovery on any matter that is "relevant to...[a] defense and proportional to the needs of the case, considering the importance of the issues at stake,...the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefits." Here, defendant's attorney stipulated that the blending jar at issue achieved commercial success. Defendant further provided ten years of sales information and plaintiff does not dispute that this financial information discloses commercial success. The Court finds that defendant's burden of production outweighs any benefit the additional years of financial data may provide. Accordingly, plaintiffs' motion to compel the production of sales documents is denied.

2. Requests for Admission

Plaintiffs propounded 137 Requests for Admission ("Requests") on defendant. Defendant responded with a list of objections and then, based on those objections, denied all Requests. In their motion, plaintiffs seek amended responses to 24 of the Requests. According to plaintiffs, defendant should be required to respond to these Requests. Plaintiffs point out that certain witnesses have provided information during depositions that would require defendant to admit a Request. In response, defendant claims that it cannot unqualifiedly admit or deny the Requests. Defendant points out that the vast majority of the Requests at issue seek admissions regarding infringement. Defendant claims that it cannot admit or deny these Requests without extensive explanation, which would serve no purpose. According to defendant, the Local Patent

3

Rules allow a party to object to discovery if the same information is required to be disclosed under Rules 3.1-3.7.  Here, the information plaintiffs seek via the Requests is contained in defendant's noninfringement contentions.   Defendant also disputes that the testimony conclusively requires it to admit certain Requests.

With regard to the admissions that involve applying claim terms to the accused products, the Court finds that defendant need not amend its responses.  Although requests for admission that ask parties to apply facts to the law are permissible, requests that call for legal conclusions are not.   Here, the Court finds that the Requests seek legal conclusions.  For example, in Request No. 3, plaintiffs ask defendant to admit that "Blendtec's WildSide line of blender jars...practice each and every limitation of at least claim 1 of U.S. Patent No. 7,853,004...."  This is tantamount to requesting that defendant admit that it infringes the patent.  Requests such as these call for legal conclusions and are thus improper.  *See, e.g. Tulip Computers Int'l, B.V. v. Dell Computer Corp.*, 210 F.R.D. 100 (D. Del. 2002)(determining whether a patent is valid or whether infringement has occurred is a legal determination within the province of the Court); *Streck , Inc. V. Research & Diagnostic Systms, Inc.*, 2009 WL 1616629, n.1 (D. Neb. June 4, 2009)(finding request to admit improper where the request sought admission that each claim of the "patent, as construed by the Court" is infringed by the making and selling of the accused products).  The remaining requests in this category simply break down the ultimate issue of infringement into pieces.  By way of example, Request No. 22 asks defendant to admit that its "blender jars... have a blade assembly with a vertical axis that is located on the one line of symmetry of the bottom surface periphery."  While these requests may arguably be more akin to applying facts to law, the requests are improper because they are vague.  The phrase "bottom

4

surface having a periphery" is a term disputed by the parties.  The Requests wholly fail to identify what the term means in the context of each Request.  Regardless, it appears that any response would require a lengthy explanation on the part of defendant.  In essence, to require defendant to provide "amended" responses to the Requests would result in the presentation of defendant's summary judgment arguments in the context of responses to the Requests.  The Court does not find that this would serve the purpose of Rule 36.  Accordingly, plaintiffs' motion is DENIED with respect to Request Nos. 3, 22, 45-46, 49-52, 58-59, 71-72, 74-77, and 83-84.

On the other hand, the Court finds that defendant must produce amended responses to Request Nos. 14, 28, 29, and 42-44.  Requests Nos. 42-44 seek admissions regarding whether the parties are competitors.  In its opposition brief, defendant appears willing to provide amended responses, provided plaintiffs clarify the meaning of the terms "commercial blender market," "consumer blender market," and "high-performance blender market."  The Court finds that these terms are not vague or ambiguous.  Therefore, defendant must amend its responses to these Requests and may not rely solely on an objection.  The same holds true with respect to Request Nos. 14, 28, and 29, which seek the following admissions:

> Request No. 14: Admit that Blendtec did not discontinue manufacture and sale of its WildSide line of blender jars... due to any performance issue with the blender jars.
>
> Request No. 28: Admit that Blendtec designed and introduced its WildSide+ line of blender jars at least in part to replace its WildSide line of blender jars.
>
> Request No. 29: Admit that Blendtec did not design or introduce its WildSide+ line of blender jars even in part to replace its WildSide line of blender jars.

The Court finds that these Requests are proper within the confines of Rule 36.  Accordingly, defendant may not rest solely on its objections in responding to these three Requests.

5

**CONCLUSION**

For the foregoing reasons, Vita-Mix Corporation, Vita-Mix Management Corporation, and Vita-Mix Manufacturing Corporation's Motion to Compel is GRANTED in PART and DENIED in PART.  Defendant must provide amended answers to Request Nos. 14, 28, 29, and 42-44.  The motion is DENIED in all other respects.

IT IS SO ORDERED.


/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 1/26/17